PeaRsoít, O. J.
The subject of mandamus has been so often before this Court, within the last few years, that the general principles, and the mode and manner of proceeding are now pretty well settled by authority.
In making the application to the case now before us, the only matter in regard to which we had the slightest hesitation, was the order requiring the justices- to pay the money, or cause it to be paid by the officers of the county. The other grounds taken in support of the motion- to quash, can be disposed of in a few words:
1st. A more distinct allegation, that the county site had been located at Toomer, than is set out in the petition was un-1 necessary. The justices of the county are presumed to know the statute in reference to the location of their county site, and the acts done in pursuance thereof.
2nd., 3rd and 4th. The orders of the county court which are set out in the petition, show that the contract was duly entered into by the duly authorised agents of the justices.
5th and 8th. The stipulation in reference to the monthly payments to be made to the petitioner, upon the estimates of the superintendent, was for the benefit of the petitioner, and the allegation that the entire work has been completed, approved and accepted, makes any further reference to the monthly estimates and payments than that contained in the petition, unnecessary.
6th. The purpose for requiring notice of the application, is to save the cost of unnecessary litigation, by giving the party an opportunity to do the act. If such notice is in any case necessary, according to our practice, considering the former proceedings that had taken place in the premises, it was entirely a matter of supererrogation in this instance. The de *494 mand for the payment of a specified amount alleged to be due under the contract, which was made with all proper formality before the present proceeding commenced, gave the justices an opportunity to avoid litigation, if such had been their pleasure, and the writ being in the alternative, may he considered in the nature of a rule. State v. Jones, 1 Ired. Rep. 129; and, so far as objections to the writ are concerned, eve-ery purpose is answered according to our mode of practice by the motion to quash.
7th. Upon consideration, we are satisfied that the proper order is to pay the money, and not an order requiring the justices to lay taxes, &c., which was the substitute proposed. Tucker v. The Justices of Iredell, 1 Jones’ Rep. 451.
It was suggested that this will bear hard upon the justices individually; but the contract having been entered into in their behalf, in pursuance of power vested in them by law, this Court must presume, either that they have some sufficient return to make, so as to prevent the issuing of a peremptory writ, or else, that they have taken the necessary means and provided a fund to meet the claim, if it is a just one.
It is fortunate that the matter has at last been put in a condition to enable the justices to make a due return, so as to have a trial on the merits, and end the litigation.
There is no error. This opinion will he certified, and a procedendo issue.
Per Curiam, Judgment affirmed.